IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR NRZ PASS-THROUGH TRUST V, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-cv-788-RP |
| ALICE M. JOHNSON and CAROL A. JOHNSON, | § § § | |
| Defendants. | § § | |

## ORDER

Before the court are Plaintiff's Motion for Summary Judgment (Dkt. 19), Defendants' Response to Plaintiff's Motion for Summary Judgment, (Dkt. 20), Plaintiff's Reply (Dkt. 21), Defendants' Surreply (Dkt. 22), Plaintiff's Amended Reply (Dkt. 24), and Defendants' Surreply to the Amended Reply (Dkt. 25). After considering the briefing and the relevant law, the court grants Plaintiff's Motion for Summary Judgment.

## I. Background

Plaintiff U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust V ("U.S. Bank") alleges that on November 14, 2002, Defendant Alice M. Johnson ("Alice Johnson") executed a Texas Home Equity Note ("the Note") with a principal of $146,250.00 payable to AEGIS Mortgage Corporation d/b/a New America Financial ("AEGIS"). (Compl., Dkt. 1 at ¶ 14). Both Alice Johnson and Carol A. Johnson (collectively, "Defendants"), concurrently secured the Note by executing a Deed of Trust ("the DOT"),[1] which was secured by the property commonly known as 332 West Morse Street, Fredericksburg, Texas 79624 ("the Property"). (Id. at ¶¶ 4, 15). The DOT named Mortgage Electronic

---

[1] "Though a deed of trust is formally distinct from a mortgage, Texas courts tend to use the two terms interchangeably." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 222 n.1 (5th Cir. 2013). For purposes of this order the court will do the same.

Registration Systems, Inc. ("MERS") as beneficiary and nominee for the Lender and its successors and assigns. (*Id.* at ¶ 15). Through a series of transactions, the DOT and the Note were transferred to Plaintiff on December 15, 2015. (*Id.* at ¶¶ 15–18); (Pl. Mot., Dkt. 19 at 3–4 & Ex. A-6).

According to Plaintiff, Defendants failed to make timely payments on the Note, and in 2004 one of Plaintiff's predecessors obtained an order for foreclosure. (Compl., Dkt. 1 at ¶ 19). MERS then foreclosed on the Property on September 7, 2004, and purchased it at the foreclosure sale. (*Id.*). Shortly thereafter, however, Defendants and Plaintiff's predecessor reached an agreement to cure the default and reinstate the loan. (*Id.* at ¶ 20). After making payments for some time, Defendants once again defaulted on the loan. (*Id.*). In 2015, notices of default and requests to cure were mailed to Defendants, but the default was not cured and the maturity of the debt was accelerated. (*Id.*). The loan is currently due for the August 1, 2007 payment and all subsequent monthly payments. (*Id.*).

Plaintiff requests a judgment authorizing it to foreclose on the Property. It also requests attorney's fees and costs of suit as a further obligation on the Note.

## II. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de*

*Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

The court views the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.,* 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

The court notes that Defendants are proceeding pro se in this case. Although courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with [federal procedural rules]." *Grant v. Cuellar,* 59 F.3d 524, 524 (5th Cir. 1995). "The notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise a pro se party of their burden in opposing a summary judgment motion, *see Martin v. Harrison Cty. Jail,* 975 F.2d 192, 193 (5th Cir. 1992), and "pro se status does not exempt [a litigant] from the usual evidentiary requirements of summary judgment," *see Ellis v. Principi,* 246 Fed. App'x. 867, 869 (5th Cir. Sept. 5, 2007) (per curiam) (citing *Grant,* 59 F.3d at 524).

### III. ANALYSIS

Plaintiff seeks a judgment authorizing it to foreclose on the Property. Defendants contend that the Note was accelerated in 2004, that the acceleration was never rescinded, and that any present right to foreclose is therefore time-barred. They also argue that Plaintiff's failure to mention "Homecomings Financial" in the chain of title precludes summary judgment.

**A. Judicial Foreclosure**

The Texas Constitution protects homestead properties by providing that a home equity loan secured by a lien "may be foreclosed upon only by a court order." TEX. CONST. art. XVI, § 50(a)(6)(D); *accord Patton v. Poterfield,* 411 S.W. 3d 147, 157 (Tex. App.—Dallas 2013, pet. denied). Plaintiff asserts that it is entitled to an order allowing it to proceed with the sale of the Property pursuant to the Note, the DOT, and Texas Property Code § 51.002. Accordingly, Plaintiff must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x. 306 (5th Cir. 2014); Tex. Prop. Code. § 51.002. Plaintiff must also demonstrate that it is the proper party to foreclose.

*1. Existence of a Debt Secured by a Lien, Default, and Notice*

The undisputed evidence produced by Plaintiff establishes that a debt exists and that the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution. Specifically, the undisputed evidence establishes that Defendant Alice Johnson executed the Note in the principal amount of $146,250.00 in favor of AEGIS as lender. (Pl. Mot., Dkt. 20, Exs. A, A-1). Defendants then concurrently executed the DOT, which secured payment of the Note with a lien on the Property. (*Id.*, Exs. A, A-2).

The undisputed evidence also establishes that Defendants are in default under the Note and DOT and that Plaintiff's predecessor properly served Defendants with notice of default and notice of acceleration. Under the terms of the Note and DOT, Defendants were required to pay when due the principal and interest on the debt evidenced by the Note. (*Id.*, Exs. A, A-1, A-2). A failure to pay the full amount of each monthly payment on the date it was due constituted a default under the terms of the Note. (*Id.*, Exs. A, A-1). Defendants defaulted on the Note by failing to make payments when due. (*Id.*,

4

Exs. A, A-8, A-9, A-12). The Note is currently due for the August 1, 2007 payment and all subsequent monthly payments. (*Id.*). In the event of a default, the terms of the Note and DOT allow for acceleration of all sums due under the Note and for foreclosure of the lien. (*Id.*, Exs. A, A-1, A-2). On April 1, 2015, a notice of default and intent to accelerate was sent to Defendants at the Property address by certified mail. (*Id.*, Exs. A, A-10). Defendants did not cure the default. (*Id.*, at Exs. A, A-9, A-12). On May 1, 2015, the maturity of the debt was accelerated by mailing a notice of acceleration to Defendants at the Property address. (*Id.*, Exs. A, A-11). As of October 26, 2016, the total amount due under the terms of the Note and Deed of Trust was at least $278,224.39. (*Id.*, Exs. A, A-12).[2]

> *2. Whether Plaintiff is the Proper Party to Enforce Available Remedies*

"Under Texas Property Code §§ 51.002, 51.0025, the mortgagee or mortgage servicer may foreclose upon the property." *Flowers v. Deutsche Bank Nat. Trust Co.*, 614 F. App'x 214, 216 (5th Cir. 2015). A mortgagee is "the grantee, beneficiary, owner, or holder of a security instrument," "a book entry system," or, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). A mortgagee need not possess or produce the note that a deed of trust secures; instead, both the noteholder and the beneficiary of the deed of trust have the right to foreclose. *See Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 555 ("[T]he noteholder has the right to foreclose on the property identified in the deed of trust that secures the note . . . [t]he beneficiary of the deed of trust likewise has the right to foreclose."); *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014 pet. denied) ("[T]here is no requirement that the mortgagee possess or produce the note that the deed of trust secures in order to conduct a [foreclosure].").

---

[2] The court notes that the record reflects that on September 7, 2004, MERS non-judicially foreclosed on the Property. (Pl. Mot., Dkt. 19, Exs. A, A-7). A Recission of Substitute Trustee Deed was filed in the Gillespie County real property records stating that the Substitute Trustee who had conducted the sale lacked the authority to do so. (*Id.*, Ex. B-1). Defendants acknowledge that the 2004 foreclosure was rescinded in their briefings. (Def. Resp., Dkt. 20, at 1) ("The [2004] foreclosure was rescinded," and the Note was accelerated shortly "after the foreclosure was rescinded"); (Def. Am. Surrep., Dkt. 25, at 1) ("[T]he 2004 foreclosure was voided."). The court therefore views the recission of the 2004 foreclosure as undisputed.

Here, Plaintiff claims to be both the beneficiary of the DOT as well as the owner and holder of the Note. First, Plaintiff provides the DOT, which identifies MERS "as the "beneficiary" under the DOT, "acting solely as a nominee for [AEGIS] and [AEGIS'] successors and assigns." (Pl. Mot., Dkt. 19, Exs. A, A-2).[3] From there, the Note and DOT pass from MERS to Deutsche Bank Trust Company America as Trustee on November 14, 2002, then to Deutsche Bank Trust Company Americas as Trustee for RALI 2002QS19 on May 1, 2012, then to Deutsch Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2002-QS19 on June 10, 2015, and finally to Plaintiff on December 15, 2015. (*Id.*, Exs. A, A-3, A-4, A-5, A-6). Each of these assignments was recorded in the real property records of Gillespie County, Texas. (*Id.*).

The first two documents of assignment explicitly state that the assignee is assigning "all beneficial interest" under the DOT "together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." (Pl. Mot., Dkt. 19, Exs. A-3, A-4). The second two state that what is being assigned is "the said Deed of Trust having an original principal sum of $146,250.00" and "the full benefit of all the powers and of all the convenants and provisos therein contained . . . the Assignor's interest under the Deed of Trust . . . and the said property unto the said Assignee." (*Id.*, Exs. A-5, A-6). This language clearly conveys interest in the DOT. While not as clear with regard to the Note, "a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex.

---

[3] As explained in a case involving MERS and identical language in a DOT, "[a]s the beneficiary of the [DOT], MERS held legal title to the Property and had the right to foreclose and sell the Property upon default, and therefore MERS had the inherent authority to assign the Note and [DOT]." *Hudson v. Citimortgage, Inc.*, 2013 WL 6284045, at *3 (N.D. Tex. Dec. 2, 2013), *aff'd*, 582 Fed. App'x 537 (5th Cir. 2014); *accord Burton v. Nationstar Mortg., L.L.C.*, 642 F. App'x 422, 425 (5th Cir. 2016). Under this arrangement, "[a]ny assignment by MERS [is] valid, and any assignee [becomes] the new mortgagee and acquire[s] all of MERS's rights." *Id.* (citing *Coleman v. Bank of N.Y. Mellon*, 2013 WL 1187158, at *3 (N. D. Tex. Mar. 4, 2013), *rec. adopted*, 2013 WL 1189264 (N. D. Tex. Mar. 21, 2013)).

2011); *Cannon v. JPMorgan Chase Bank, N.A.*, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011) (same), *rec. adopted*, 2011 WL 6838614 (E.D. Tex. Dec. 29, 2011); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) (same); *Kramer v. Fed. Nat. Mortg. Ass'n*, 2012 WL 3027990, at *5 (W.D. Tex. May 15, 2012) ("There is substantial authority for the principle that, just as transfer of a promissory note operates to transfer the associated deed of trust, a transfer of the deed of trust likewise transfers the note." (collecting cases)); *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225–26 (5th Cir. 2013) (explaining, without needing to hold, that "Texas courts tend to follow the *Restatement [(Third) of Property: Mortgages]*," under which "the transfer of a mortgage *presumptively* includes the note secured by the mortgage, whether or not the instrument of assignment expressly references the note"). The court therefore finds that Plaintiff has carried its initial burden to establish that it has the right to foreclose as the beneficiary of the DOT and as the owner and holder of the Note.

Defendants responded to Plaintiff's motion for summary judgment, but did not specifically refute or address any of the above evidence. Instead, they argued that Plaintiff failed to mention "Homecomings Financial" and its successor "GMAC" in the chain of title. As evidence that Homecomings Financial owns or owned the Note and DOT, Defendants attached a photocopy of a letter of default, dated September 23, 2004, stating that "Homecomings Financial Network Inc. is acting as the Mortgage Servicer for Homecomings Financial, who is the Mortgagee of the Note and Deed of Trust associated with [their] real estate loan." (Def. Resp., Dkt. 20, Ex. A). Plaintiff replied, reiterating its prior arguments, but did not address this letter of default. The court thereafter ordered supplemental briefing on the issue of where "Homecomings Financial" fit into the chain of title vis-à-vis the Note and DOT. Plaintiff replied with documentation purporting to show that "Homecomings Financial, LLC" was the servicer of the loan until July 1, 2009, at which point it transferred its servicing rights to GMAC Mortgage, LLC, which transferred the rights to Ocwen Loan Servicing, LLC, which in turn transferred

the rights to Nationstar Mortgage, LLC, the current servicer of the loan. (Pl. Am. Repl., Dkt. 24, Exs. C-1, C-2, C-3). Defendants replied, acknowledged that Homecomings Financial is no longer the mortgagee of the DOT, and asserted a new chain of mortgage assignments involving a number of previously unmentioned entities. (Def. Am. Surrep., Dkt 25, at 2). Defendants now allege that the current owner of the mortgage is one of those entities, not Plaintiff.

First, the only summary judgment evidence that Defendants have produced is the letter of default referencing Homecomings Financial. To the extent that they allege any other entity was involved in the chain of title, such allegations are "unsubstantiated assertions" which "are not competent summary judgment evidence." *See* Fed. R. Civ. P. 56(c); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Second, Defendants' letter of default stating that Homecomings Financial is the "Mortgagee of the Note and Deed of Trust" is insufficient to create a genuine dispute of material fact as to whether Plaintiff possesses the right to foreclose. Because "[r]eal property records often contain transfers taking place many years in the past . . . Texas 'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgement,' under which the transfer is presumptively valid and contradicting evidence 'must be clear, cogent, and convincing beyond reasonable controversy.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 634 (5th Cir. 2013) (quoting *Ruiz v. Stewart Mineral Corp.*, 202 S.W. 3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)). Plaintiff has produced evidence of facially valid assignments, tracing an unbroken chain of title of the Note and DOT, with each assignment recorded in the real property records of Gillespie County, Texas. (Pl. Mot., Dkt. 20, Exs. A-1, A-2, A-3, A-4, A-5, A-6). Defendants do not refute Plaintiff's evidence with any specificity, and do not provide any evidence of a transfer of the Note or DOT to or from Homecomings Financial. They have therefore failed to demonstrate the existence of a genuine dispute of material fact. *See, e.g., Johnson v. Bank of Am., N.A.*, 2014 WL 4923970, at *4–5 (S.D. Tex. Sept. 30, 2014) (summary judgment in favor of bank on issue of standing to foreclose, based on bank's production of an unbroken chain of title of deed of trust;

debtors' production of a letter from mortgage servicer stating that different entity was the "Owner and/or Mortgagee of the Note and [DOT]" was insufficient absent documents showing the transfer or assignment of interests to that entity).

Accordingly, the court finds that Plaintiff is a proper party to institute foreclosure proceedings. In conjunction with the matters discussed above relating to the debt, default, and notice, there is no genuine dispute of fact that Plaintiff has satisfied the elements required for an order permitting it to institute foreclosure proceedings under Texas Property Code § 51.002.

### B. Acceleration and the Statute of Limitations

Defendants assert that the Note was accelerated in 2004, triggering the running of limitations and rendering this action time-barred. (Def. Resp., Dkt. 20, & Ex. A). They argue that the purported acceleration of the Note was never rescinded, and that such recission may only be accomplished through written notice by the lender, which Plaintiff's predecessor never gave. (Def. Am. Repl., Dkt. 25 at 1). To establish the affirmative defense of the running of limitations, Defendants have the burden to establish valid acceleration. *See First Lake Corp. v. Yilmaz*, 87 F.3d 1311, 1311 (5th Cir. 1996). Plaintiff responds that Defendants cannot produce evidence of acceleration, and that even if the Note had been accelerated, any such acceleration was rescinded by its predecessor's acceptance of Defendants' later payments.

*1. Acceleration*

Under Texas law, a secured lender must foreclose on its "real property lien not later than four years after . . . the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W. 3d 331, 335 (Tex. App.—Waco 2008, no writ)). "If a note or deed of

trust secured by real property contains an optional acceleration clause," however, "the action accrues . . . when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration," both of which "must be clear and unequivocal." *Id.* Even if the noteholder notifies the borrower of the holder's intent to accelerate, "the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.* at 566–67. "Abandonment of acceleration has the effect of restoring the contract to its original condition, thereby restoring the note's original maturity date for purposes of accrual." *Boren,* 807 F.3d at 104 (citation omitted). A noteholder may "unilaterally abandon acceleration after its exercise, so long[ ] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration." *Id.* at 105.

"Texas courts have framed the issue of abandonment of acceleration by reference to traditional principles of waiver." *Id.* "Under Texas law, the elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* "Waiver is a question of law when the facts that are relevant to a party's relinquishment of an existing right are undisputed." *Id.* at 106.

As already mentioned, the only summary judgment evidence that Defendants have produced is the 2004 letter of default from Homecomings Financial Network Inc. (Def. Resp., Dkt. 20, Ex. A). The letter of default states only that "[i]f the default is not cured within thirty (30) days of the mailing of this letter, the holder of the note, without further notice or demand, will accelerate the maturity date of the Note." (*Id.*). This appears to only communicate an intent to accelerate, not acceleration. Additionally, Defendants do not dispute or explain Plaintiff's summary judgment evidence, which indicates that Defendants made at least three payments of $1,308.53—their monthly mortgage payment—to Plaintiff's

predecessor in May, June, and August of 2007. (Pl. Mot., Dkt. 19, Exs. A, A-8, A-12). This was within four years of the alleged acceleration, which would have occurred at some point after the receipt of the 2004 letter of default. Defendants have not produced any evidence that Plaintiff or Plaintiff's predecessors "exact[ed] any remedies available to [them] upon declared maturity." *Holy Cross*, 44 S.W.3d at 567. As a result, "[Plaintiff's or Plaintiff's predecessor's] acceptance of [Defendants'] payments . . . while refraining from pursuing any of their available remedies against [Defendants], is compelling evidence of [their] intent to abandon" any purported acceleration. *See Justice v. Wells Fargo Bank Nat'l Ass'n.*, --- F. App'x ----, No. 15-20615, 2016 WL 7240195, at *4 (5th Cir. Dec. 14, 2016). Because Defendants have "failed to present contrary evidence that raises a genuine dispute of material fact as to [Plaintiff's] intent," Defendants' cannot prevail on the grounds that the alleged acceleration of the Note was never rescinded. *Id.*

Accordingly, the court finds that Plaintiff's cause of action accrued in 2015 when its predecessor either re-accelerated the Note or accelerated the Note for the first time by sending Defendants a notice of intent to accelerate and then a notice of acceleration. *See* (Pl. Mot., Dkt. 19, Exs. A, A-10, A-11).

*2. Notice of the Recission of Acceleration*

Defendants also argue that any recission of acceleration is invalid if not carried out pursuant to Texas Civil Practice and Remedies Code § 16.038, which states that "[r]ecission or waiver of acceleration is effective if made by a written notice of a recission or waiver," where such notice "must be made by first class or certified mail." Tex. Civ. Prac. & Rem. Code §§ 16.038(b)–(c).

First, the court notes that Section 16.038 was enacted in 2015, significantly prior to the events at issue here. However, the court need not determine if the statute applies retroactively. As the Fifth Circuit has explained, while the statute "provides a specific mechanism by which a lender can waive [or rescind] its earlier acceleration," it does not "create an exclusive method for abandoning or waiting acceleration." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015). "Instead, the statute is

better construed as a 'best practice' for a lender seeking to effectuate its abandonment." *Id.* "Even if the statute were to apply retroactively, it does not prohibit the earlier methods by which a lender may abandon or waive its acceleration of the debt." *Id.* Consequently, the court rejects Defendants' argument.[4]

### IV. Conclusion

For the reasons detailed above, the court finds that Plaintiff is entitled to an order allowing them to proceed with the sale of the Property pursuant to the Note, the DOT, and Texas Property Code § 51.002. Accordingly,

It is **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 19) is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's requested declaratory relief is **GRANTED** as set forth in the accompanying judgment to this order.

**SIGNED** on February 14, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff produced copies of Defendant Alice Johnson's bankruptcy schedules, filed in 2011 and 2014, in the Bankruptcy Court for the Western District of Texas. (Pls. Mot. Ex. B-2, B-3). Plaintiff characterizes these schedules as demonstrating Ms. Johnson's acknowledgment that the Property is encumbered by Plaintiff's lien, and that under Texas law such acknowledgement defeats any potential statute of limitations defense. *See* Texas Civil Practice and Remedies Code § 16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged."). Because the court has already determined that any purported acceleration was rescinded, and that the requirements of Texas Civil Practice and Remedies Code § 16.038 do not apply, it need not address this issue.